IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAD HANSEN and MELISSA HANSEN, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>COUNTRY MUTUAL INSURANCE CO., d/b/a COUNTRY FINANCIAL and ELITE CONSTRUCTION CO. INC., )<br><br>Defendants. ) | No. 18 CV 244<br><br>Chief Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Jeffrey I. Cummings |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Chad and Melissa Hansen have filed a motion for leave to disclose the supplemental/rebuttal opinions of two of their previously disclosed experts. (Dckt. #227.) In response, defendant Country Mutual Insurance Co. ("CMIC") has filed a motion to strike plaintiffs' supplemental/rebuttal reports as untimely. (Dckt. #231.) For the reasons set forth below, plaintiffs' motion for leave to disclose is denied and CMIC's motion to strike is granted.

A.   BACKGROUND

On February 2, 2021, this Court entered an order setting an expert discovery schedule and a briefing schedule on plaintiffs' anticipated motion for class certification. Specifically, the Court entered the following schedule:

> Plaintiffs Rule 26(a)(2) disclosures are due on 3/16/21 and the depositions of plaintiffs' experts are to be completed by 4/20/21. Defendant's Rule 26(a)(2) disclosures are due on 5/18/21 and the depositions of defendant's experts are to be completed by 6/22/21. Plaintiffs' motion for class certification is due on 7/27/21, defendant's response is due on 8/31/21, and plaintiffs' reply is due 9/28/21.

1

(Dckt. #182.) The scheduling order did not include deadlines for rebuttal experts. However, as discussed in more detail below, absent a court order specifying otherwise, Rule 26(a)(2)(D)(ii) requires the disclosure of rebuttal expert reports "within 30 days after the other party's disclosure."

According to the parties, plaintiffs disclosed the reports of their experts Donald Stafford and Russell Thomas by the March 16, 2021 deadline.[1] CMIC deposed Stafford on April 16, 2021, and Thomas on April 19, 2021. Thereafter, on May 18, 2021, CMIC disclosed its experts, including the reports of experts John LaPrade (Dckt. #228-1) and Stephen Prowse (Dckt. #228-2). Plaintiffs took the deposition of LaPrade on June 16, 2021, and plaintiffs' counsel received the deposition transcript from LaPrade's deposition on July 15, 2021.

In accordance with the above scheduling order, plaintiffs filed their motion for class certification (Dckt. #217) and the accompanying memorandum of law (Dckt. #220) on July 27, 2021. On August 16, 2021, the parties filed a joint status report confirming that the parties were proceeding with class certification briefing, stating that "[t]here are no other motions pending or anticipated at this time," and making no mention of any rebuttal expert reports. (Dckt. #226.) Just two days later, on August 18, 2021, however, plaintiffs disclosed a supplemental report from plaintiffs' expert Stafford to rebut the opinions of CMIC's experts LaPrade and Prowse. (Dckt. #228-3.) Even later, on August 20, 2021 – less than two weeks before CMIC's response to the motion for class certification was due – plaintiffs disclosed the supplemental report of plaintiffs' expert Thomas also rebutting the reports of LaPrade and Prowse. (Dckt. #228-4.) When CMIC objected to the plaintiffs' disclosures as untimely, the parties met and conferred but were unable

---

[1] Over a period of months preceding the deadline, plaintiffs apparently disclosed three reports from Stafford (an original and two supplements) and two reports from Thomas (an original and one supplement).

2

to reach an accord. Plaintiffs' motion for leave to disclose the rebuttal reports of Stafford and Thomas quickly followed.

**B. LEGAL STANDARD**

Where, as here, the Court's scheduling order is silent on the matter of rebuttal experts, Rule 26(a)(2)(D)(ii) requires the disclosure of rebuttal expert reports "within 30 days after the other party's disclosure." *See Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *Frerck v. Pearson Educ., Inc.*, No. 11 C 5319, 2014 WL 477419, at *2 (N.D.Ill. Feb. 6, 2014). When a party fails to provide expert disclosures in compliance with Rule 26(a), "the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Est. of Green v. City of Indianapolis*, 854 Fed.Appx. 740, 744 (7th Cir. 2021) ("[W]hen a party fails to timely disclose an expert witness . . . the exclusion of the witness's proposed testimony is automatic and mandatory, unless the proponent can show that the violation of Rule 26(a) was either justified or harmless.") (citing *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018)).

The determination of whether a failure to comply with Rule 26(a) is harmless or justified is left to the broad discretion of the district court. *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Although the court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation," the Seventh Circuit has indicated that the following factors should guide the court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Westefer*, 422 F.3d at 584 n.21 (citing *David*, 324 F.3d at 857)).

## C. DISCUSSION

In their motion, plaintiffs contend that they disclosed the Stafford and Thomas reports merely two and four days, respectively, after the thirty-day deadline for rebuttal reports prescribed by Rule 26. According to plaintiffs, that thirty-day deadline only began to run upon receipt of the LaPrade deposition transcript (July 15) or, at the earliest, the date of LaPrade's deposition (June 16) when plaintiffs were first able "to flush out the basis for his opinions." (Dckt. #227 at 7.) Plaintiffs argue that their brief delay in providing the rebuttal disclosures – whether it be a few days or just over thirty days – was substantially justified and harmless to CMIC, particularly where trial is "likely a year or more off." (Dckt. #227 at 6.)

CMIC argues in response that the plaintiffs' rebuttal reports – which it disputes are proper rebuttal – were over sixty days late under Rule 26. In CMIC's view, plaintiffs' lengthy delay was not substantially justified and permitting the disclosures would cause undue harm and prejudice to CMIC given the current procedural posture of the case. For the reasons that follow, the Court agrees with CMIC.

### 1. Plaintiffs' rebuttal disclosures are untimely under Rule 26(a)(2)(D)(ii)

Although the parties dispute the exact number of days by which plaintiffs' disclosures of the Stafford and Thomas rebuttal reports were overdue, there can be no dispute that they were untimely. As discussed above, CMIC provided its Rule 26(a)(2) disclosures on May 18, 2021. Under the plain application of Rule 26(a)(2)(D)(ii), CMIC's expert disclosures triggered the thirty-day deadline for plaintiffs' rebuttal expert reports, resulting in a June 17, 2021 deadline. Using this application of the Rule, the Stafford and Thomas rebuttal reports, disclosed on August 18 and August 20, respectively, were disclosed over sixty days late and are untimely. *See Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-CV-0593-RLY-TAB, 2012 WL 6596933, at *3

4

(S.D.Ind. Dec. 18, 2012), *objections overruled*, No. 1:11-CV-0593-RLY-TAB, 2013 WL 1857192 (S.D.Ind. May 2, 2013) (finding that rebuttal reports "served over 70 days after Defendants served their expert reports" were untimely).

It is true – as plaintiffs assert – that some courts have held that the default thirty-day deadline under Rule 26(a)(2)(D)(ii) does not begin until the corresponding expert disclosure is "complete," that is, "until all information required by Rule 26(a)(2) has been tendered." *Mendez v. City of Chicago*, No. 18 CV 5560, 2021 WL 3487328, at *2–3 (N.D.Ill. Aug. 9, 2021); *see also La Playita Cicero, Inc. v. Town of Cicero, Illinois*, No. 11-CV-1702, 2017 WL 1151066, at *10 (N.D.Ill. Mar. 28, 2017) (finding that default thirty-day deadline did not start to run on the date defendants disclosed their expert report because report was not complete); *Constructora Mi Casita v. Nibco, Inc.*, No. 16 CV 565, 2019 WL 8112486, at *3 (N.D.Ind. June 5, 2019) (tolling thirty-day clock where defendant produced "massive amount" of data about forty-five days after disclosure of expert reports); *Ball v. Versar, Inc.*, 454 F.Supp.2d 783, 798 n. 9 (S.D.Ind. 2006) (expert's rebuttal affidavit timely as it was filed within thirty days of new opinion in opposing expert's affidavit).

However, none of these cases (or any others cited by plaintiffs) adopt plaintiffs' assertion that an expert's disclosure under Rule 26(a)(2)(D)(ii) is not complete until after the expert has been deposed. Such an interpretation of the Rule would be illogical because an expert's disclosures are intended to be comprehensive such that the need to depose the expert is reduced or even eliminated. *See In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 646, 650 (N.D.Ill. 2006) ("One purpose of the expert disclosure rule is to allow the opposing party to dispense with the expert's deposition."). In view of this, it is not surprising that a number of courts have explicitly rejected plaintiffs' position on this point. *See, e.g., Avendt v. Covidien Inc.*, No. 11-

5

CV-15538, 2015 WL 1646467, at *3 (E.D.Mich. Apr. 14, 2015) ("Rule 26(a)(2)(D)(ii) plainly states . . . that rebuttal expert disclosures must be made within 30 days of the other party's expert *disclosure*, not the expert witness's *deposition*.") (citing *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2014 WL 4415954, at *2 (E.D.Mich. Mar. 25, 2014), *report and recommendation adopted*, No. 09-11912, 2014 WL 4411675 (E.D.Mich. Sept. 8, 2014) ("While plaintiffs claim that they were not aware of the full extent of Dr. Marais' opinions until after his deposition, plaintiffs do not adequately explain why a timely disclosure of their rebuttal expert after Dr. Marais' report issued was not made.")).[2]  In any event, even if the Court were to accept plaintiffs' proposition that LaPrade's deposition triggered the thirty-day deadline, plaintiffs' rebuttal disclosures were still untimely because they were made more than thirty days after his deposition was taken.  Accordingly, under either party's interpretation of Rule 26, the rebuttal disclosures are untimely and the Court turns to whether plaintiffs' delay was substantially justified or harmless.[3]

      **2.**     **Plaintiffs' untimely rebuttal disclosures are neither substantially justified nor harmless to CMIC.**

An application of the four factors set forth by the Seventh Circuit clearly tips the scale in favor of CMIC and against permitting the rebuttal disclosures.  Again, those factors are: (1) the

---

[2] Plaintiffs have likewise cited no authority for their proposition that the thirty-day deadline did not begin to run until their counsel received the deposition transcript of defense expert LaPrade.  No logic supports such a rule.  Counsel who depose an expert witness are well aware of the substance of the expert's testimony as it is being given and they do not need to see the transcript to know what the expert has said.

[3] The Court notes that plaintiffs only vaguely imply that the latest Stafford and Thomas reports might be timely because they include supplemental information that they have a duty to provide under Rule 26(e)(2) if they determine that their prior disclosures are "incomplete or incorrect."  (*See* Dckt. #227 at 3 (citing the deadline for supplemental disclosures, which can be made up until the time the party's pretrial disclosures are due)).  As CMIC points out, plaintiffs have not supported this argument and this Court will not substantively address it.

prejudice and surprise to CMIC; (2) the ability of CMIC to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in failing to disclose the evidence earlier.  *Westefer*, 422 F.3d at 584 n.21.

First, the surprise and prejudice to CMIC is apparent.  At no point between May 18 (when defendants disclosed their expert reports) and August 18 (when plaintiffs first disclosed Stafford's rebuttal report) did plaintiffs' counsel inform CMIC or the Court that it intended to disclose rebuttal expert reports.[4]  Instead, during that period, the parties appeared to complete expert discovery, jointly informed the Court that they were moving forward with class certification briefing, and did in fact, move forward with that briefing.  On this record, the Court rejects plaintiffs' contention that "CMIC can hardly claim surprise at the receipt or the contents" of the rebuttal reports when those reports first surfaced in the midst of class certification briefing. (Dckt. #227 at 6.)

The prejudice to CMIC if the untimely rebuttal materials were allowed would be caused by the resultant undue delay in class certification briefing and the ultimate resolution of this case.  As CMIC argues, if the Court allows plaintiffs to disclose their rebuttal reports, "the Court would need to postpone briefing [which has already happened], provide extended deadlines for completion of the class certification issue as well as re-open expert discovery (including the taking of additional depositions of Messrs. Stafford and Thomas), and engage in further case direction and management, all of which would delay the Court's ability to advance the litigation towards conclusion."  (Dckt. #232 at 10.)  As many courts have held, such delay – and the resulting costs to CMIC – are innately harmful and prejudicial to CMIC.  *See e.g., Bowman*,

---

[4] In this regard, the Court distinguishes this case from *Mendez v. City of Chicago*, No. 18 CV 5560, 2021 WL 3487328 (N.D.Ill. Aug. 9, 2021).  There, for a number of reasons, the Court permitted the plaintiffs' untimely rebuttal disclosures, but noted that plaintiffs at least "notified the court 33 days after Defendants disclosed their expert reports that they wished to disclose rebuttal reports." *Id.* at *3.

2012 WL 6596933, at *3–4 (concluding that the plaintiffs' untimely expert rebuttal reports were not harmless because "reopening discovery to re-depose Plaintiffs' experts would create significant costs and would delay the resolution of the motion for class certification"); *Butler v. Sears Roebuck & Co.*, No. 06 C 7023, 2010 WL 2697601, at *2 (N.D.Ill. July 7, 2010) (striking untimely expert report where the "case has been pending for over three years and filing and briefing of a class certification motion has already been delayed several times"); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 759 (7th Cir. 2004) ("[I]t is not an abuse of discretion to conclude that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless.").

  Furthermore, as is evident from the parties briefing on the pending motions, the parties steadfastly dispute whether the rebuttal experts are true rebuttal or improper bolstering. *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) ("Testimony offered only as additional support to an argument made in a case in chief, if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party, is improper on rebuttal."). If the Court permits the disclosures, CMIC would undoubtedly file a more narrowly targeted motion to strike the disclosures as improper rebuttal. The resulting briefing would further delay class certification briefing and expend the already scare resources of the Court. *See Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the court has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources . . ."). Finally, as has been the case with other important discovery rulings, it is inevitable that whichever side is dissatisfied with this Court's ruling regarding the rebuttal reports would present objections to the District Court thereby lengthening the delay even more. Given the unavoidable delay and additional costs of permitting

8

the disclosures, the second factor, CMIC's ability to cure any prejudice, also weighs in favor of CMIC.

With respect to the third factor, the potential disruption of trial, plaintiffs are certainly correct that no trial date has been set and trial may indeed be "a year or more off." But it is well settled that "the absence of a trial date does not necessarily render" belated expert reports harmless. *Bowman*, 2012 WL 6596933, at *4. As a colleague in this District explained:

> It is no answer to say the trial date has not been set. Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony that was unseasonably disclosed contrary to the discovery deadline dates set by the Court.

*Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D.Ill. 2010). While a lack of trial date here might slightly tip the scale in plaintiffs' favor, the prejudice to CMIC discussed above tips the scale right back. *Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago*, No. 12 C 10311, 2020 WL 914881, at *6 (N.D.Ill. Feb. 25, 2020) ("[T]he Court has not yet set a trial date, which weighs against exclusion. However, there is no reason to further delay this case."); *Doe 1 v. City of Chicago*, No. 18-cv-3054, 2019 WL 5290899, at *4 (N.D.Ill. Oct. 18, 2019) (holding that the expenditure of unnecessary time and resources did not render late disclosure harmless, regardless of whether a trial date was set).

As for the fourth and final factor, while the Court does not attribute bad faith to plaintiffs' belated disclosures, plaintiffs have provided no explanation for their willful failure to more promptly inform CMIC of their intent to rebut CMIC's experts' reports, even after LaPrade's deposition. According to plaintiffs, it was at that deposition that they learned, *inter alia*, that "LaPrade is not an expert on Xactimate or XactContents; that his conclusions were formed without any knowledge of construction techniques or practices (and he did not even attempt to

9

gain relevant knowledge before offering his opinions); LaPrade omitted facts from his report that did not fit his opinion; and that LaPrade did not review documents he claimed to have reviewed . . . ." (Dckt. #227 at 6.) These "surprises" purportedly triggered plaintiffs' need for its previously retained experts to rebut LaPrade's findings. Yet, again, plaintiffs willingly failed to inform CMIC or the Court of their intent to disclose rebuttal reports even at that time. Plaintiffs provide no justification, let alone substantial justification, for failing to do so. *See Hennigan*, 2014 WL 4415954, at *2 ("Plaintiffs should have submitted a rebuttal expert disclosure and report within 30 days of Dr. Marais' report. To the extent that plaintiffs' rebuttal expert needed to modify or update his opinions based on Dr. Marais' testimony, that could have been done within a reasonable time after the deposition was taken . . . [instead, plaintiffs] did not serve an expert report for their rebuttal expert witness until nearly two months after the deadline expired.").

More importantly, excluding the rebuttal reports will not preclude plaintiffs from attacking the veracity of LaPrade's opinions based on the so-called "surprises" from his deposition. As even plaintiffs acknowledge, plaintiffs are free to highlight the purported shortcomings of defendants' experts' reports in their forthcoming reply in support of class certification or on cross-examination at trial. *See* Dckt. #236 at 5 n.5 ("Even without Plaintiffs' experts' rebuttals on these points, Plaintiffs are free to cross-examine CMIC's experts on the facts they misrepresented or ignored.").

In sum: the Court finds, within its discretion, that plaintiffs failed to provide their rebuttal disclosures in compliance with Rule 26 and that plaintiffs failure to do so was neither substantially justified nor harmless to CMIC. As Chief Judge Pallmeyer previously directed, and this Court has reiterated, the time has long come for the parties to complete expert discovery,

"resolve class certification issues, deal with summary judgment and, potentially, proceed to trial." (Dckt. #210 at 7 (citing Dckt. #208 at 4)).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to disclose supplemental/rebuttal opinions (Dckt. #227) is denied and defendant's motion to strike (Dckt. #231) is granted.

**ENTERED:** January 13, 2022

**Jeffrey I. Cummings**
**United States Magistrate Judge**